## CHARLES HAYNES *versus* OTIS SMALL.

When an officer attaches personal property, he should make a true, strict, minute and particular return of his doings.

If an officer returns on a writ, that he has "attached one hundred and seventy-five yards of broadcloth, the property of the within named defendant," it is not competent for him, in an action for not producing the property to be taken on the execution, to show that but thirty yards were in fact attached by him.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

Case against Small, as sheriff of the county, for the default of J. H. Shaw in neglecting to keep and for refusing to deliver over certain broadcloths, by him attached on the writ, to be taken on the execution. Shaw had in his hands for service a writ in favor of the plaintiff against G. W. Morse & al. on which he returned, "I have attached one hundred and seventy-five yards of broadcloth, the property of the within named defendants." Judgment was rendered in the action, the debt being about $280; an execution was issued thereon, and placed in the hands of a proper officer, who within thirty days from the time of the rendition of judgment demanded of Shaw the property attached on the writ. The exceptions state, that "the defendant offered to show that he attached a certain lot of broadcloths, being all the defendant had or was in possession of; that the whole of the broadcloths so attached amounted to no more than thirty yards; that by mistake he over-estimated the number of yards in the lot; and that he caused all said lot of cloths of thirty yards to be sold at the full value, and appropriated towards the payment of this execution, while in the hands of the officer who made the demand, leaving a balance of but $29,31 unpaid. The Judge permitted the defendant to show how much of the cloth attached had been appropriated towards the payment of the execution, and ruled, that as the attaching officer had returned specifically so many yards of cloth, and not a lot or parcel estimated at so many yards, he was concluded by the return as to the quantity, and rejected the other testimony offered." And the Judge instructed

the jury, that if the whole one hundred and seventy-five yards attached had not been appropriated on the execution, they would return their verdict for the plaintiff for the balance of the 175 yards not already appropriated towards the payment of the execution, unless it exceeded the balance due. The verdict was for the plaintiff for the balance of the execution; and the defendant filed exceptions.

*A. G. Jewett*, for the defendant, contended that it was competent for the officer to show that the value of the property attached was less than the estimate put upon it in the return.

But if the officer cannot show, that the number of yards was different from the statement in the return, he may show, that all above thirty yards did not belong to the debtor. If this is not admissible in bar of the action, it is in mitigation of damages. It is enough to show, that the property did not belong to the debtor, and it is unnecessary to show to whom it did belong. *Bursley* v. *Hamilton*, 15 Pick. 43; *Fuller* v. *Holden*, 4 Mass. R. 501; *Learned* v. *Bryant*, 13 Mass. R. 224. It is always competent for the officer to show, that the property, attached and returned as the property of the debtor, did not in fact belong to him. 11 Pick. 524; 12 Mass. R. 196; 16 Mass. R. 8; 19 Pick. 522.

*J. Godfrey*, for the plaintiff, said that the law was well settled, that an officer could not for his own benefit introduce evidence to alter, falsify, or contradict his return. Were he permitted to do it, no reliance could be placed upon any thing done by an officer. He is always safe in returning the truth, and is protected in so doing, if he does his duty. He attached, as his return shows, an abundance of property to secure the debt, and declines to bring it forward to be taken on execution. He does not show, or propose to prove, that any of the property attached belonged to others. His cases therefore have no application. He cannot excuse himself by contradicting his own return. 6 Mass. R. 325; 10 Mass. R. 470; 7 Mass. R. 388, 392; 10 Pick. 45; 1 Fairf. 263.

Haynes *v.* Small.

The opinion of the Court, SHEPLEY J. taking no part in the decision, having been employed in trying jury cases at the time of the argument, was by

WHITMAN C. J. — Nothing is better settled than that an officer, making a return of his doings upon a writ, is not allowed to gainsay the truth of it. In the case set forth in the plaintiff's writ, one Shaw, a deputy of the defendant, who was sheriff of Penobscot, is alleged to have returned on a writ, in favor of the plaintiff and against Morse & al. that he had attached one hundred and seventy-five yards of broadcloth. The defendant proposes to show, in defence, that his deputy made a mistake ; and that he in fact attached only thirty yards, which had been duly applied towards the discharge of the execution issued on a judgment rendered in said suit. That the thirty yards had been so applied was not questioned. The only controversy was as to the residue.

Officers ought to know what they attach ; and to be holden to exactness and precision in making their returns. Neither the debtor nor the creditor would be safe if it were otherwise. And it will be well that the law should be so promulgated and understood. An officer, in such cases, is entrusted with great power. He may seize another man's property, without the presence of witnesses, whether it be goods in a store or elsewhere ; and safety only lies in holding him to a strict, minute and particular account. To hold that he may, indifferently, make return of his doings at random, and afterwards be permitted to show, that what he actually did was entirely different, would be opening a door to infinite laxity and fraud, and mischiefs incalculable. Suppose the deputy had returned, that he had attached one hundred and seventy-five sheep, he might as well be permitted to show, that, by mistake, there were but thirty of them. It was the duty of the officer to have measured the cloth attached, or, in some other way, to have ascertained precisely what he had attached. Such a mistake as is here pretended could have arisen only from the grossest negligence, to which it would be a disgrace to the law to afford its countenance.

The principle, to which the counsel for the defendant attempts to assimilate this case, that the officer, notwithstanding his return, may show the property attached to belong to some one else, and not to the debtor, to excuse or justify himself for not levying upon it, on execution, is altogether different. It would not be contradicting his return in a matter of fact in which he was bound to possess himself of knowledge, nor is his return conclusive upon any one as to the ownership of property attached.

*Exceptions overruled —judgment on the verdict.*