*Ruggles, O. J.
The return indorsed the r ^ execution is conclusive between the plaintiff and the sheriff, for the purpose of . showing the amount of money raised by the officer on that writ. The return, although made by the deputy, in the sheriff’s name, is the act of the sheriff, and when the question comes up directly between one of the parties to the execution and the sheriff, the latter is not permitted to gainsay it. (Townsend v. Olin, 5 Wend. 207; Gardner v. Hosmer, 6 Mass. 327; Haynes v. Small, 22 Maine 14; Purrington v. Loring, 7 Mass. 392; Doty v. Turner, 8 Johns. 20; Barrett v. Copeland, 18 Vermont 69; Paxton v. Steckel, 2 Penn. St. 93.) The evidence given by the deputy went substantially to impeach the truth of the return, and having been objected to, it should have been excluded.
The plaintiff was nonsuited on the trial, on the ground, that by giving authority to the deputy to sell on a credit, he made the deputy his agent, and released the sheriff from the liability for his acts or defaults. The deputy was authorized to give three months’ credit on all amounts over $50, and four months on all sums over $100, for good indorsed notes, payable at the bank of Whitehall. But the deputy neither acted in the line *457 of his duty as prescribed by law, nor did he obey the directions, or act within the authority given him by the plaintiff.
It does not appear, that the goods sold by the deputy to Gilmore, Davis and Burdick, respectively, were sold on a credit of three or four months, in pursuance of the * 458 1 P^a^n*^’s authority, *nor that they were sold on -* a credit at all. These purchasers were permitted to take away the articles they purchased, without paying for them; but there is no evidence that a credit was to be given by the terms of the sale, nor by any agreement made at the time of the sale. The deputy testified, that he could not tell what terms of sale were announced, nor whether any terms were mentioned. If no terms were announced, and no agreement made to give time, the sales were certainly not on credit; and yet the deputy delivered the goods, without receiving the money bid for them, and without receiving the indorsed notes required by the plaintiff, as the condition on which he might sell on credit. The deputy, moreover, delivered the goods purchased by Davis and Burdick, without obtaining payment, against and in violation of the direction repeatedly given by Boot, who is acknowl edged by the deputy, in his letter of October 1st, to have been the plaintiff ’s agent at the sale.
The plaintiff is not answerable for having made the deputy his agent, when, in fact, the deputy did nothing in conformity with his instructions. He' was certainly not the plaintiff’s agent for the purpose of selling for cash, and then-parting with the property, without requiring payment of the money; nor was he the plaintiff’s agent to sell on credit, except on the condition of taking indorsed notes for the amount purchased. The taking of such notes was the only condition on which he was authorized by the plaintiff to depart from the line of his legal duty by selling on credit. In Gorham v. Gale (6 Cow. 467, and 7 Id. 739), the deputy followed *458 the instructions given by the plaintiff, and the sheriff was held to be discharged from liability, on the ground that the plaintiff had made the deputy his agent. In Corning v. Southland (3 Hill 552), the deputy failed to comply with the terms on which he was authorized by the plaintiff’s attorney to let an execution lie over beyond the return-day, and the sheriff was held responsible for not having returned it.
For the purpose of discharging the sheriff from liability for the acts of his deputy, it must be shown, not only that the plaintiff directed the deputy to depart from the line of duty imposed *by law, but that the deputy followed, or, at least, undertook' to *- follow, the directions given. He cannot otherwise be regarded in any respect the agent of the plaintiff. In the present case, he appears to have paid no regard to the plaintiff’s instructions, and, therefore, the sheriff is responsible.
Judgment reversed, and new trial awarded.
Watson, J., dissented.