## HUSSEY & WHELAN v. DEMPSEY OIL CO., Limited. (No. 2614.)

(Court of Civil Appeals of Texas. Texarkana. July 7, 1922. Rehearing Denied Oct. 5, 1922.)

Attachment ⬅193—$4 a day to sheriff for care of attached property for 119 days held not so excessive as to require reduction.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3864, fixing no fees for the care of attached property by sheriffs, but such officers being entitled to a reasonable allowance, where the allowance for costs for caring of property was at the rate of $4 per day for 119 days, being only the amount the sheriff paid for a watchman to look after the property, it cannot be said that the allowance was so excessive as to require reduction.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Action by Hussey & Whelan against the Dempsey Oil Company, Limited. From an order retaxing costs, plaintiff appeals. Affirmed.

Schluter & Singleton, of Jefferson, for appellant.

P. G. Henderson, of Jefferson, for sheriff.

HODGES, J. Appellant sued the appellee on a claim for $692.70 and at the same time secured an attachment which was to be levied on some machinery. In taxing his costs the sheriff charged $894 for care of property for 149 days. The appellant filed a motion to retax this item of the costs, claiming that it was excessive. After hearing the evidence, the court allowed the sheriff $4 a day for 119 days, aggregating $476. In this appeal appellant insists that that allowance is also excessive.

The statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 3864) fixes no fees for the care of property by sheriffs, but such officers are entitled to a reasonable allowance for such services. Morgan v. North Texas National Bank (Tex. Civ. App.) 34 S. W. 138; Worley v. Shelton (Tex. Civ. App.) 86 S. W. 794. The testimony shows that the court allowed only what the sheriff actually paid out for a watchman to look after the property during the time it was in his custody. While the amount allowed is large, we cannot say that it was, under the circumstances, so excessive as to require a further reduction.

The judgment is affirmed.