**SORRELLS et al. v. IRION et al.**

No. 5906.

Court of Civil Appeals of Texas. Amarillo.

Dec. 20, 1948.

Rehearing Denied Jan. 24, 1949.

Florence & Florence and Mat Davis, all of Gilmer, for appellants.

Edwin M. Fulton, of Gilmer, for appellees.

LUMPKIN, Justice.

This is the second time this cause has been before the appellate courts. The first appeal was disposed of by an unpublished memorandum opinion.

Originally, in February 12, 1945, the appellants, B. C. Sorrells, J. D. Iker, and H. G. Scott, filed an action in the District Court of Upshur County, Texas, against the appellees, A. B. Irion, W. W. Bradley, and Allied Oil Company, Inc., to recover

on labor and other claims incurred in the drilling of an oil well.

On the same day the suit was filed, the appellants caused a Writ of Attachment to be issued, and W. E. Floyd, Constable of Precinct No. 1 of Upshur County (the actual appellee on this appeal), acting under the Writ, attached certain property, a portion of which was replevied by the appellee, Allied Oil Company, Inc. Constable Floyd placed watchmen in charge of the property not replevied. These watchmen kept the property under surveillance until the Writ of Attachment was quashed on appellees' motion. This occurred prior to the trial of the case on its merits. Later the case was tried and resulted in a judgment which decreed that the appellants take nothing on their cause of action, and that two of the appellees, Allied Oil Company, Inc., and W. W. Bradley, recover of the appellants all their costs therein expended. The constable's return on the Writ of Attachment shows that the total costs of levying and executing the Writ was $129.15, of which $125 was used to pay the watchmen's salaries. On December 5, 1946, a demand was made on appellants to pay these costs. On December 9, 1946, the appellants filed a Motion to Retax Costs, and from an adverse order of the court an appeal was taken to the Court of Civil Appeals for the Sixth Supreme Judicial District at Texarkana. In an unpublished memorandum opinion the Texarkana Court indicated that the constable, W. E. Floyd, who testified as a witness at the hearing in the trial court, was not a party to the proceeding. On the motion for rehearing the Court of Civil Appeals ordered the cause remanded "for the purpose of determining the rights between the appellants and the constable with respect to amending or correcting the officer's return and ascertaining the correctness of the costs claimed by him."

On April 6, 1948, the appellants filed a motion in the trial court making W. E. Floyd a party to the suit and asking "the court to reset their motion to retax the costs * * * against the constable, W. E. Floyd," and requested the court to order the clerk "to issue notice to the said W. E. Floyd to appear and show cause * * * why the bill of costs heretofore rendered by him * * * should not be amended." In their original motion the appellants alleged that on February 15, 1945, their attorney gave the appellee Floyd written notice to release that portion of the property which had not been replevied by the Allied Oil Company, Inc.; and, therefore, they were not responsible for the costs incurred by the constable in hiring watchmen after he received the release notice. This notice reads in part:

"Dear Sir: In view of the fact that the Allied Oil Company has replevied most of the machinery you levied upon * * * with the attachment, this is to advise that the plaintiffs have released the rest of the property you levied upon. I have paid the men you had watching and there will be no further necessity to keep anyone out there.

"This notice is given you to release you from any liability to the plaintiffs because of the property being released."

After a hearing on April 23, 1948, the trial court overruled appellants' motion to retax the costs and appellants' motion to require the appellee, W. E. Floyd, to amend his return on the Writ of Attachment. From this action of the court the appellants duly excepted and gave notice to the Court of Civil Appeals at Texarkana, whence it was transferred to this court by the Supreme Court of Texas.

In attacking the trial court's judgment the appellants insist that only one question is involved, viz.: "Did the appellants through their attorney, have the authority to release the property levied upon with a Writ of Attachment by the officer?"

█ In our opinion this question is to be resolved against the appellants. The successful party to a lawsuit recovers of his adversary all costs, and the costs incurred by reason of an Attachment will be taxed against the party litigant who caused the Writ of Attachment to issue where such Attachment is quashed on valid grounds. 5 Tex.Jur. 329 et seq.; 11 Tex.Jur. 332.

█ Article 290, Vernon's Revised Civil Statutes, applies to this case.

"When personal property is attached, the same shall remain in the hands of the officer attaching until final judgment, unless

a claim be made thereto and bond be given to try the right to the same, or unless the same be replevied or be sold as provided by law."

The language of this statute is clear and unambiguous. It simply means that an officer must keep in his possession the property attached until final judgment is rendered, unless the property be replevied, sold, or claimed by a third party by virtue of a claimant's oath and bond. It is from this statute that the officer derives his power to seize and hold attached property. But having seized property, under such authority, the officer is under an obligation to care for it, although in caring for the property the officer is not subject to the control of either the plaintiff or the defendant as to the manner in which he shall perform this duty. The officer is neither the agent nor the servant of either party. Ranken et al. v. Jones, Constable, et al., Tex.Civ. App., 53 S.W. 583; Kanaman v. Hubbard et al., 110 Tex. 560, 222 S.W. 151.

Thus appellants' letter to the constable would have no legal effect and until judgment was rendered or the property was replevied, sold, or until he was presented with a claimant's oath and bond, it was Constable Floyd's duty to retain the custody and control of the property. It is not essential that the officer himself shall guard property attached. He may employ others to perform this duty for him. While the statute fixes no fees for the care and preservation of attached property, an officer is entitled to a reasonable allowance for his services. Hussey & Whelan v. Dempsey Oil Co., Tex.Civ.App., 243 S.W. 1116.

For the reasons given the appellants' point of error is overruled. The judgment of the trial court is affirmed.