Mrs. Dora H. GRANVILLE et al., Appellants,

v.

Robin J. RAUCH, Appellee.

No. 10751.

Court of Civil Appeals of Texas.

Austin.

May 11, 1960.

Rehearing Denied June 1, 1960.

Victor Gleckler, Austin, for appellants.

J. P. Hart, La Grange, for appellee.

GRAY, Justice.

This suit is a contest between an attachment creditor and the landlords as to the priority of liens on a stock of merchandise located in the landlords' building.

Robin J. Rauch sued Roland Lea and Philip S. Lea to recover the amount of money loaned by Rauch to Roland Lea together with interest thereon and a reasonable attorney's fee. Subsequent to filing the suit and on April 17, 1959, Rauch caused a writ of attachment to be issued and levied. The sheriff's return on the writ recites that it was executed

"* * * by levying upon the following described property:

"All of the dry goods, wares, and merchandise owned by Roland Lea and/or Philip S. Lea and located in the business of Shopper's World located in the Von Rosenberg Building on Travis Street, in the City of La Grange, Fayette County, Texas, all of said personal properties now being in the possession of the undersigned by virtue of the fact that the Von Rosenberg Building has been locked to prevent entrance other than by the Sheriff's Department.

"Witness my hand this 17 day of April 1959.

"T. J. Flournoy Sheriff."

On May 6, 1959, appellants, Mrs. Dora Granville and Mrs. Victor Miller, intervened in the above cause. They alleged that they were the owners of the Von Rosenberg Building and as such were entitled to recover rent under the following agreement:

"Beginning August 1, 1958, I hereby agree to pay the sum of $125 per month for rent of building during first six months' occupation one half of total, $62.50, to be paid to Mrs. Dora H. Granville, 1407 Hartford Rd., Austin 3, Texas, and one half to Mrs. Victor Miller, 701 Sixth Street, Ballinger, Texas; beginning February 1, 1959, and thereafter I agree to pay $150 rent for this building, sending $75 to Mrs. Dora H. Granville and $75 to Mrs. Victor Miller.

"Signed, Philip S. Lea."

They alleged that:

"Defendant is in arrears in the payment of said rent as follows: Defendant has failed to pay Mrs. Victor Miller the sum of $62.50 for the month of December, 1958; defendant has failed to pay any of the rent for the year of 1959, to wit, the $125.00 for the month of January, and the $150.00 for any of the months of February, March, April or May, and a total of $787.50 is now delinquent and in arrears."

They further alleged that they had a preference lien under Art. 5238, Vernon's Ann.Civ.St., and prayed that they recover their rent in accordance with their preference lien. They prayed that if the property was sold under the writ of attachment that they recover their rent in accordance with their lien.

At a nonjury trial the county court rendered judgment that Robin J. Rauch recover of Roland Lea and Philip S. Lea, jointly and severally, his debt ($200) together with interest and an attorney's fee of $75. The attachment lien as it existed on April 17, 1959, was foreclosed and the property, or so much thereof as may be necessary to satisfy the judgment, was ordered sold. It was further ordered:

"* * * that interveners do have and recover of and from defendant, Philip S. Lea, judgment for $787.50, together with all costs in their behalf expended; provided, however, the Court finds and therefore ORDERS AND DECREES that interveners are not entitled to the preference lien as provided for under Article 5238, as aforesaid, and are denied order of sale under the writ of attachment issued in this cause."

At appellant's request the trial court filed findings of fact and conclusions of law. Among other findings he found:

"The Court finds that on or about January 20, 1959, the defendant, Roland Lea, borrowed the sum of $200.00 from the plaintiff, Robin J. Rauch, for the purpose of using said sum, together with other moneys, to purchase Philip S. Lea's interest in a business known and conducted as the 'Shopper's World' in La Grange, Texas. That the defendant, Roland Lea, agreed to repay said sum of $200.00 on or before February 4, 1959, with interest at the rate of 6% per annum from date until paid. That neither the said sum of $200.00 nor the interest was paid to the plaintiff, Robin J. Rauch, as of the date of the hearing on June 29, 1959.

"III.

"That on or about January 20, 1959, defendant, Roland Lea, purchased all of the defendant, Philip S. Lea's, interest in the business known and conducted as the 'Shopper's World' in La Grange, Fayette County, Texas. That on January 20, 1959, the defendant Philip S. Lea quit and vacated the leased premises on which the business of the 'Shopper's World' was located, being the premises which defendant,

Philip S. Lea, had leased from Mrs. Dora H. Granville and Mrs. Victor Miller, interveners, and that the defendant, Philip S. Lea, delivered possession and title to all of the goods and merchandise located in said building to Roland Lea on said date. The Court finds that the defendant, Philip S. Lea, did not occupy said premises after January 20, 1959, and had no interest in the business whatsoever or in the stock of merchandise after said date.

\*    \*    \*    \*    \*    \*

"V.

"The Court finds that Mrs. Dora H. Granville and Mrs. Victor Miller owned the building in La Grange, Texas, in which the business of 'Shopper's World' was conducted. That said building was leased by interveners to defendant, Philip S. Lea, in accordance with the following agreement: (Here is copied the lease agreement supra.) That defendant, Philip S. Lea, entered into possession of said premises under said lease on August 1, 1958, and quit and vacated said building and sold all of his interest in the business of 'Shopper's World' together with the stock and merchandise on January 20, 1959. That defendant, Philip S. Lea, was indebted to said lessors in the amount of $787.50 for rent contracted to be paid through the month of May, 1959."

The trial court concluded as a matter of law that the parties were entitled to recover the judgments supra, that the attachment lien was entitled to be foreclosed and so much of the property as was necessary to satisfy the judgment recovered by Rauch should be sold:

"The Court concludes, as a matter of law, that the interveners, Mrs. Dora H. Granville and Mrs. Victor Miller, are entitled to a judgment against the defendant, Philip S. Lea, in the sum of $787.50, but that interveners are not entitled to the owners of buildings lien as provided for under Article 5238 of the Revised Civil Statutes of Texas for the reasons that defendant, Philip S. Lea, quit and vacated said premises on January 20, 1959, that interveners suit on said lease was not filed until May 6, 1959, and that therefore more than thirty days had elapsed from the time defendant, Philip S. Lea, vacated said premises until the time that the interveners filed their suit for rent due on May 6, 1959. The Court concludes, as a matter of law, that the interveners lost their preference lien as provided for under Article 5238, as aforesaid, for the reason that interveners did not follow the procedural provisions outlined in said Article and for the further reason that such preference lien had lapsed on May 6, 1959, the defendant not having occupied the rental premises since January 20, 1959."

■ Appellant did not except to the findings of fact and conclusions of law. They did however except to the judgment and may here contend that the findings do not support the judgment rendered. Rule 307, Texas Rules of Civil Procedure; Cowling v. Colligan, Tex.Sup., 312 S.W.2d 943.

There is no statement of facts before us and appellee has not favored us with briefs. The appeal then must be decided on the transcript and appellant's brief.

■■ Generally it is the rule that a trial court is presumed to have made all findings necessary to support the judgment rendered. This rule however has no application when the findings and conclusions themselves disclose the basis therefor and there are no supplemental facts. Burford v. Pounders, 145 Tex. 460, 199 S.W.2d 141. This test is applicable to the findings and conclusions here. It is also a recognized rule that an appellant may be entitled to a reversal of the trial court's judgment in the absence of a statement of facts in exceptional cases. Houston Fire & Casualty

Ins. Co. v. Walker, 152 Tex. 503, 260 S.W. 2d 600.

It is our opinion that the findings and conclusions of the trial court do not support the judgment rendered.

There are neither pleadings nor findings that the sale by Philip S. Lea to Roland Lea was made in compliance with the Bulk Sales Law, Art. 4001, Vernon's Ann.Civ.St., and none that appellants consented to or in any manner acquiesced in such sale or that they had any character of notice or knowledge of the same. The same is true as to the vacating of the building by Philip S. Lea and its occupancy by Roland Lea.

Seemingly the trial court concluded that at some time appellants had a lien under Art. 5238, supra, but that such preference lien was lost because the procedural provisions provided by said article were not followed and because on May 6, 1959, said preference lien had lapsed for the reason that the defendant (Philip S. Lea) had not occupied the building since January 20, 1959 and for a further reason that more than thirty days had elapsed from the time the building was vacated until the suit was filed on May 6, 1959.

Appellants prayed for a judgment against Philip S. Lea only and that if the property was sold under the writ of attachment that the proceeds of the sale of the stock of goods be paid over to them in accordance with their preference lien.

The findings supra find that appellants were the owners of the buildings; that Philip S. Lea entered into possession under a lease; that he sold to Roland Lea on January 20, 1959; that he then vacated the building, and that through May 6, 1959 there was due $787.50 rent.

Art. 5238, supra, in part provides:

"All persons leasing or renting any residence, store house or other building, shall have a preference lien upon all property of the tenant or of any subtenant of such tenant in such resi-dence, storehouse or other building, for the payment of rents due and to become due provided that in order to secure the lien for rents that are more than six (6) months due, it shall be necessary for the person leasing or renting any storehouse or other building which is used for commercial purposes, to file in the office of the county clerk of the county in which such storehouse or such other building is situated, a sworn statement of the amount of rent due, itemized * * *.

"Such lien shall continue and be in force so long as the tenant shall occupy the rental premises, and for one (1) month thereafter; * * *".

■ The following statement from Forrest v. Durnell, 86 Tex. 647, 26 S.W. 481, 482, is applicable to the facts here:

"No assignee of a lease, or subtenant, can be heard to say that he was ignorant of the terms on which the lessee held possession; nor can he be heard to say that it was his intention, without the landlord's consent, to deprive him of any right he would have had in or to the products of the rented premises if he had not entered upon and used the land. The statute informs them that they can acquire no right to use the premises without the landlord's consent, and of the further fact that the law gives him a lien on all the products of the land to secure the rent. Under such circumstances, whatever contract an assignee or under-tenant may make with the original lessee, he must be understood impliedly to assume towards the lessor the relation of tenant, and to consent that the lien given by statute shall exist. A lessee cannot free himself or the products of leased premises from the lien given by statute, unless by contract with the lessor, or payment of rent; and he certainly has no power to confer on any third person a right to use the land freed from lien on its products."

■ If it be said that the total of $787.-50 rent did not accrue until after January 20, 1959 and that the goods in Roland Lea's possession thereafter were not liable for rent accruing prior to that date then it must be said that both Art. 4001, supra and the statement supra from Forrest v. Durnell are not applicable. We do not agree.

■ Appellant's lien for rent was complete before the attachment was levied. It was superior to the attachment lien at that time and continued to be. On May 6, 1959, this lien existed for six months prior to that date without any procedural provisions being followed. This is true because:

> "The landlord's lien attaches independent of, and without, judicial process. The law gives it. The levy of the process would add nothing to it, so far as the right is concerned. It is just as strong without as with a seizure under some writ of the court. A distress warrant is but a mode of enforcing the lien, but does not create it. The law does that. It arises from the relation of the parties under the agreement, and from the status and situation of the property as defined by law."

Berkey & Gay Furniture Co. v. Sherman Hotel Co., 81 Tex. 135, 16 S.W. 807, 810. The procedural provisions provided in Art. 5238, supra, apply to rents more than six months due.

We think that the above thirty day provisions quoted from Art. 5238 and mentioned in the trial court's conclusions of law cannot be applied to the facts here but it is our opinion that Roland Lea was either a tenant or a subtenant under that statute. To hold otherwise would enable a tenant to sell his stock of goods and voluntarily vacate a building without the knowledge or consent of the landlord and thereby defeat his lien for rent. It is our opinion that the holding in Forrest v. Durnell, supra, is the law applicable to the facts here.

It is our opinion that the trial court's conclusions of law are not supported by his findings of fact. It is also our opinion that the judgment rendered is in part erroneous and that the judgment that should have been rendered can be properly rendered here. Accordingly insofar as the judgment denies appellant's lien it is reversed and judgment is here rendered that appellants have a valid lien on the stock of goods in possession of the sheriff of Fayette County; that said lien is superior to the attachment lien and that upon a sale of said property appellants be first paid the amount of their judgment. In other respects the judgment of the trial court is affirmed.

Reversed and rendered in part and in part affirmed.