**Mrs. Dora H. GRANVILLE et al., Appellants,**

v.

**SHERIFF OF FAYETTE COUNTY,**
Appellee.

No. 10814.

Court of Civil Appeals of Texas.

Austin.

Jan. 18, 1961.

Victor Gleckler, Austin, for appellants.

J. P. Hart, La Grange, for appellee.

ARCHER, Chief Justice.

This case is a continuation of litigation between the parties herein and Philip S. Lea, a tenant, and other phases have been before this Court on two former appeals, the first being our Cause No. 10,851, decided May 11, 1960 and our opinion is to be found in 335 S.W.2d 799. The second is our Cause No. 10,753 and our opinion is to be found in 336 S.W.2d 795, and we refer to these cases for a further background and as to our disposition of the causes.

The instant case is against the defendant for damages in the amount of $1,200 for rents, and for an order restraining the defendant from maintaining in the future a padlock on the front door, and special and general relief.

The defendant T. J. Flournoy is the Sheriff of Fayette County and the plaintiffs are the owners of the building involved.

In the case of Granville et al. v. Rauch, 335 S.W.2d 799, we held that the appellants, landlords, had a preference lien on the stock of goods in the possession of the Sheriff superior to the attachment lien and that upon sale of said property appellants be first paid the amount of a judgment for $787.50.

Upon the trial of the present case the writ of attachment dated April 17, 1959 was introduced in evidence as was the Sheriff's return, and reads:

"Come to hand on the 17 day of April, 1959, at 11:30 o'clock A.M., and executed on the 17 day of April, 1959, at 3 o'clock P.M., in Fayette County, Texas by levying upon the following described property:

"All of the dry goods, wares, and merchandise owned by Roland Lea and/or Philip S. Lea and located in the business of Shopper's World located in the Von Rosenberg Building on Travis Street, in the City of La Grange, Fayette County, Texas, all of said personal properties now being in the possession of the undersigned by virtue of the fact that the Von Rosenberg Building has been locked to prevent entrance other than by the Sheriff's Department.

"Witness my hand this 17 day of April, 1959.
"s/ T. J. Flournoy, Sheriff."

There was a stipulation that plaintiffs were the owners of the building.

Appellee has not briefed this case as is his privilege. No damages were proven.

■ This case must be reversed because we know of no authority, and none is cited, which authorizes a Sheriff to commandeer the property of another and retain possession of it without the consent of the owner.

The duties of an officer in executing a writ of attachment are fully set out in Sorrels v. Irion, Tex.Civ.App. Amarillo, 216 S.W.2d 1021, writ dismissed. See also art. 3800, Vernon's Ann.Civ.St.

**466**

The Sheriff of Fayette County should be instructed to surrender possession of appellants' building to appellants.

Foreclosure of the landlord's and attachment liens should be consummated in accordance with the priority heretofore adjudicated.

■ The Court should also determine the reasonable costs of storing the attached goods in appellants' building after appellants became entitled to possession of it, and these costs should be recovered from the plaintiffs in attachment, for the benefit of appellants, Rules 125, 126, Texas Rules of Civil Procedure; the ultimate liability for such costs being that of the debtor, Rule 131, T.R.C.P.; unless for good cause such costs may be adjudged otherwise, Rule 141, id.

Reversed and remanded with instructions.