**MANHATTAN SHIRT COMPANY,**
Appellant,

v.

**Wesley MOORE et al., Appellees.**

**No. 3934.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 27, 1964.

Lon D. Herbert, Alice, for appellant.

Lawrence H. Warburton, Jr., David A. Grose, Walter Purcell, Alice, for appellees.

COLLINGS, Justice.

This suit began with an application for the appointment of a receiver by Wesley Moore. He complained of Manhattan Shirt Company and Halsey Wright, Sheriff of Jim Wells County, seeking, ancillary to the appointment of a receiver, an injunction against the proposed sale of merchandise under a levy of an execution by the Sheriff. The merchandise involved was a portion of the assets of Moore's Men's Wear, Inc., the stock of which corporation plaintiff alleged he was the owner of 51%. The injunction was granted. Reed B. Nunley was appointed receiver and ordered to take possession of all the property and assets of Moore's Men's Wear, Inc., hereafter referred to as Moore's, to file an inventory with the court and to notify all creditors interested therein to timely file their claims. The claim of Manhattan Shirt Company, hereafter referred to as Manhattan, was presented to and allowed by the receiver as one of the secured claims, and all claims, both secured and unsecured, were approved. The court, however found that Manhattan did not have a valid lien and its claim for a lien was denied, and it was adjudged that it would be inequitable to allow Manhattan's claim over other general creditors. The court further found that the Alice National Bank was a creditor and entitled to a secured claim in the amount of $1,000.00 by virtue of its chattel mortgage lien on the fixtures in the store, and that Makrow, Moore's landlord was entitled to a secured lien in the amount of $750.00 under the statutory landlord's lien provision.

Manhattan brings this appeal from the judgment of the court providing for a distribution of the monies held in receivership and for priorities of payment as above indicated.

Manhattan does not question the validity of the liens of the bank and the landlord as found by the court, but urges that the levy of its execution created a special lien upon the merchandise and funds in question and that its lien is prior and superior to the liens of the bank and the landlord, and to all other claims secured or unsecured, including allowances for receivership expenses.

As above indicated, the basis of Manhattan's claim is that it has an execution lien. As evidence of such lien Manhattan intro-

duced a return on an execution by the Sheriff of Jim Wells County, reciting a levy upon "goods in store". This description of the property proposed to be levied upon does not specify any specific property and is in our opinion not sufficient to attach an execution lien. The Supreme Court of Texas in Messner v. Lewis, 20 Tex. 221, in discussing the question, stated as follows:

"But as to the sufficiency of the return as amended, there is more question. The only description it gives of the property attached is, that it is 'a stock of goods, wares and merchandise.' This, we think, was not sufficient. On general principles, independent of any statutory regulation, the officer is bound to give, as nearly as it can reasonably be done, in his return, or in a schedule or inventory annexed thereto, or accompanying the return, a specific description of the articles attached. For the purpose of executing the writ, the officer may enter the store of a third person where the goods of the defendant are, and may remain there long enough to seize, secure and inventory the goods. Drake on Att. p. 199, secs. 198, 191. There can be no excuse for a failure to execute the writ in such a manner as to render the goods attached capable of being identified, and the return should show that it was so executed. In the language of the court in Haynes v. Small, 22 Maine 14; 'Officers ought to know what they attach, and to be holden to exactness and precision in making their returns. Neither the debtor nor the creditor would be safe, if it were otherwise.'"

For the reasons stated appellant Manhattan failed to establish that it had a valid execution lien and the court did not err in refusing to grant appellant any preference as a lien holder. Appellant's points urging the existence of such a lien or preference are therefore overruled.

The judgment is affirmed.