**MIDWAY NATIONAL BANK OF GRAND PRAIRIE, Texas, Appellant,**

v.

**WEST TEXAS WHOLESALE COMPANY, Appellee.**

**No. 17057.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 31, 1969.

Rehearing Denied Dec. 5, 1969.

Wright & Barber, and Fred M. Misko, Jr., Grand Prairie, for appellant.

James T. Rudd, Grand Prairie, for appellee.

OPINION

LANGDON, Justice.

This appeal is from a judgment upholding the validity and superiority of an attachment lien.

The appellee, West Texas Wholesale Supply Company, initiated suit on a sworn

account in the sum of $3,277.35 against Friedell Allen and wife, d/b/a Allen's Drive-In and B & D Gun Shop, and caused writs of attachment to be issued on the same date to be levied in Dallas and Tarrant Counties.

The constable executing the writ in Tarrant County made the following return on the attachment involved in this case:

"Came to hand on this the 25 day of October, 1966, at 2:00 o'clock P.M., and executed on the 25 day of October, 1966, at 2:15 o'clock P.M., by levying upon and taking into my possession, as the property of the within named defendant Friedell Allen and wife, Ruby Davis Allen, at 2314 W. Main, Grand Prairie, all of the following described property, situated in Tarrant County, Texas, to-wit: attachment tags on building and entire contents plus three drink boxes and one ice chest; located at 2314 West Main Street in the City of Grand Prairie, Tarrant County, Texas."

The findings of fact made and filed by the trial court reflect that at the time appellee caused the writs of attachment to be issued and levied upon, the contents of the building at 2314 West Main Street, Grand Prairie, Texas, except for certain equipment and fixtures, were owned by Friedell Allen et al. The defendant, Sam Pettigrew, was the owner in fee simple of the building and owned the equipment and fixtures above referred to.

At the time of the levy the building was locked and "it was impractical and impossible for the levying officer to gain access to said building * * * to take physical possession of the property of Defendants Allen located in said building. * * *"

On the date the writ of attachment was levied on the contents of said building the levying officer gave the defendant, Sam Pettigrew, notice of such levy and the latter with notice of said levy sold said contents for a total cash consideration of $2,033.41 which sum was paid into the registry of the court pursuant to its order on

December 27, 1966, where it has since remained in custodia legis.

Interlocutory default judgment was taken on November 5, 1968, by the appellee against Friedell Allen for $4,277.35, including attorney's fees.

On November 30, 1966, the appellant, Midway National Bank sued Friedell Allen in the 153rd District Court (Tarrant County) with citation by publication. Default judgment was taken on February 9, 1968, and execution was levied and returned on June 6, 1968, nulla bona except for monies (the $2,033.41 deposited on order of the 17th District Court) in the custody of the District Clerk of Tarrant County.

The appellant, Midway National Bank intervened in the suit, filed by appellee then pending in the 17th District Court setting out the default judgment obtained by it in the 153rd District, its abstracted judgment and levy of execution.

On March 18, 1969, the appellee obtained judgment against Allen et al. which provided for foreclosure of its attachment lien on the property originally levied upon and ordered the District Clerk to pay the proceeds on deposit to it.

The appellant on appeal contends that (1) the attachment levied against the debtor's property is void because the officer executing the writ did not take the property into possession or describe it with sufficient certainty to identify it; and (2) appellant's right to all the property attached is prior and superior because it was the first to prosecute its claim to final judgment.

"The purpose of attachment is to enable a plaintiff to secure his debt by a seizure of the defendant's property before judgment." 6 Tex.Jur.2d 568, § 4.

"The execution of the writ of attachment upon any property of the defendant subject thereto, unless the writ should be quashed or otherwise vacated, shall create a lien from the date of such levy on the real estate levied on and on such personal

property as remains in the hands of the attaching officer, and on the proceeds of such personal property as may have been sold." Article 300, Vernon's Ann.Civ.St., p. 142.

"The writ of attachment is levied in the same manner as a writ of execution. A levy on personal property is made by taking actual control over the property and reducing it to possession when it is found in the possession of the defendant. If it is found in the possession of a third party having a lawful right to such possession, even though he is not the owner, the possession may not be disturbed. In this case the levy is made by giving notice to such party in possession that the levy on the defendant's interest is being made. Such a levy has the effect of impounding the property while it is in the possession of the third party so that it can be taken over when his right to the possession terminates, unless the defendant replevies in the interim." Creditors' Rights in Texas, 1963, West Publishing Company, Chapter 7, p. 226, Subdivision (b) "The Method of Levy". See Rules 598 and 639, Texas Rules of Civil Procedure.

■ The cases of Granville v. Sheriff of Fayette County, 342 S.W.2d 464 (Austin, Tex.Civ.App., 1961, no writ hist.), and Sorrells v. Irion, 216 S.W.2d 1021 (Amarillo, Tex.Civ.App., 1948, writ dism.), set forth the duties of an officer in executing a writ of attachment. It would seem apparent under the facts of this case and the authorities cited above that the officer executing a writ of attachment would be unable to describe in detail the contents of a building in the possession of a third party whose possession he is not authorized to disturb. Being unable to lawfully enter the premises the officer making the levy in this case gave notice to the party in possession and such levy had the effect of impounding the property to the extent of the Allens' interest therein.

The case of Manhattan Shirt Company v. Moore, 385 S.W.2d 486 (Eastland, Tex.

Civ.App., 1964, no writ hist.) involving a receivership proceeding does not in our opinion have application to the facts in this case.

As found by the trial court it was impractical and impossible for the levying officer to gain access to said building which was locked and under the control of a third party. A specific description of the property inside the building would not be possible under such circumstances and the officer's return on all of the contents of the building would be sufficient. Hilliard v. Wilson, 76 Tex. 180, 13 S.W. 25, 27 (1890); Sweetser v. Sparks, 3 Tex.Civ. App. 33, 21 S.W. 724 (1893, no writ hist.).

■ The attachment lien becomes effective from the date of levy. The argument that such lien does not become fixed until the date of final judgment in the main suit out of which the writ of attachment issued is not valid.

■ Under Article 300, V.A.C.S., the attachment lien attaches not only to the property levied upon but to the proceeds derived from the sale of said property. Hendricks v. Wall, 277 S.W. 207 (El Paso, Tex.Civ.App., 1925, error refused).

■ Finally the appellant in intervening in appellee's main suit against the defendant in the court below filed no motions to quash the attachment levy and therefore waived any defect or irregularity by its failure to act within a reasonable time. Since irregularities of the type complained of may be waived by the defendant in the main suit it would seem to follow that an intervenor may also waive such irregularities by failure to act within a reasonable time. Wallace v. First Nat. Bank of Gallatin, Tenn., 95 Tex. 103, 65 S.W. 180 (1901); Walden v. Locke, 33 S.W.2d 475 (Eastland, Tex.Civ.App., 1930, no writ hist.).

Appellant's points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.