**MIDWAY NATIONAL BANK OF GRAND PRAIRIE, TEXAS, Petitioner,**

v.

**WEST TEXAS WHOLESALE SUPPLY COMPANY, Respondent.**

No. B–1922.

Supreme Court of Texas.

March 25, 1970.

Wright & Barber, Fred M. Misko, Jr., Grand Prairie, for petitioner.

James T. Rudd, Sam W. Pettigrew, Grand Prairie, Crawford C. Martin, Atty. Gen., Arthur Skibell, Asst. Atty. Gen., Austin, for respondent.

## ON APPLICATION FOR WRIT OF ERROR

**PER CURIAM.**

This case, which was cause No. 46,386–C in the 17th Judicial District Court of Tarrant County, was originally a suit on a sworn account brought by West Texas Wholesale Supply Company, respondent, against Fredell Allen et al. Respondent caused a writ of attachment to issue, and there was at least an attempt to execute the writ by levying on certain personal property owned by the debtor, Allen. The property was subsequently sold, and the proceeds of the sale were deposited in the registry of the court. Midway National Bank of Grand Prairie, Texas, petitioner, then intervened in the trial court and set up a claim to the funds by virtue of the levy of a writ of execution after entry of judgment in its favor against the debtor in cause No. 46,765–C in the 153rd Judicial District Court of Tarrant County.

The present case was tried by the court without a jury. As between the two creditors mentioned, judgment was rendered denying petitioner's plea in intervention and awarding to respondent the funds on deposit in the registry of the court. The Court of Civil Appeals affirmed. 447 S.W. 2d 709. Petitioner is the only party that appealed, and the case has now become a contest between the two creditors over the money.

In its brief in the Court of Civil Appeals and the application for writ of error here, petitioner attacks the levy and return of the writ of attachment on various grounds and also insists that it has a prior right to the money since it was the first to prosecute its claim to final judgment. None of these questions can be decided on this appeal. At petitioner's request, the trial court filed findings of fact and conclusions of

law. Conclusion of Law No. 4 is as follows:

"The judgment in Cause No. 46,765–C is void, as distinguished from voidable, and therefore cannot support a lien because the action in said cause was one in personam, and Defendant Allen was not personally served in any form prescribed by the Texas Rules of Civil Procedure, but rather was served only by publication."

This holding of the trial court has not been questioned in the Court of Civil Appeals or here. It thus stands unchallenged, and the action of the trial court in denying petitioner's plea in intervention is fully supported thereby. Petitioner could gain nothing, therefore, by attacking the writ of attachment or the manner in which it was levied and returned. See McKelvy v. Barber, Tex.Sup., 381 S.W.2d 59; City of Deer Park v. State, 154 Tex. 174, 275 S.W. 2d 77. The application for writ of error is refused, no reversible error.