**MIDWAY NATIONAL BANK OF GRAND PRAIRIE, Appellant,**

v.

**WEST TEXAS WHOLESALE SUPPLY COMPANY, Appellee.**

**No. 17101.**

Court of Civil Appeals of Texas, Fort Worth.

April 10, 1970.

Wright & Barber, and Fred M. Misko, Jr., Grand Prairie, for appellant.

James T. Rudd, Grand Prairie, for appellee.

## OPINION

LANGDON, Justice.

On May 2, 1969, the West Texas Wholesale Supply Company, appellee, instituted Cause No. 56,575–C in the 153rd Judicial District Court of Tarrant County against Midway National Bank of Grand Prairie, Texas, in the nature of an equitable bill of review complaining of a default judgment entered by that same court on February 9, 1968, in Cause No. 46,765–C styled Midway National Bank of Grand Prairie, Texas v. Friedell Allen. A default judgment was entered in the present suit (Cause No. 56,575–C) on July 1, 1969, in which the court decreed that the portion of its judgment in Cause No. 46,765–C providing that Midway National Bank of Grand Priarie, Texas have a judgment lien affixed against the funds ($2,033.41) belonging to Friedell M. Allen, which were paid into the registry of the 17th Judicial District Court of Tarrant County, be set aside, vacated and annulled. Further it ordered that its judgment in Cause No. 46,765–C be changed to provide that Midway National Bank of Grand Priarie, Texas, take nothing by its suit against the defendant Friedell Allen and that said defendant go hence with its costs without day.

The present appeal is from the latter judgment and was submitted to us on March 13, 1970.

On October 31, 1969, this Court handed down its opinion in an appeal from a judgment in Cause No. 46,386–C which was initiated in the 17th Judicial District Court of Tarrant County by West Texas Wholesale Company against Friedell Allen et al., on a sworn account. It caused a writ of attachment to issue which was executed by levying on certain personal property owned by Allen. The property was subsequently sold and the proceeds of the sale were deposited in the registry of the court. Midway National then intervened in the suit and set up a claim to the funds by virtue of the levy of a writ of execution after entry of the judgment in Cause No. 46,765–C above described. Judgment was entered in Cause No. 46,386–C denying the intervenor's plea and awarding the funds to West Texas Wholesale Supply Company. See Midway National Bank v. West Texas Wholesale Co., 447 S.W.2d 709, in which this Court affirmed the judgment of the trial court.

In its opinion delivered on March 25, 1970, the Texas Supreme Court in 453 S.W.2d 460 refused the application for writ of error, n. r. e., in such cause and in so doing said: "At petitioner's request, the trial court filed findings of fact and conclusions of law. Conclusion of Law No. 4 is as follows: 'The judgment in Cause No. 46,765–C is void, as distinguished from voidable, and therefore cannot support a lien because the action in said cause was one in personam, and Defendant Allen was not personally served in any form prescribed by the Texas Rules of Civil Procedure, but rather was served only by publication.'

"This holding of the trial court has not been questioned in the Court of Civil Appeals or here. It thus stands unchallenged, and the action of the trial court in denying petitioner's plea in intervention is fully supported thereby."

In our opinion the present appeal before this Court is now moot in view of the above holding of the Texas Supreme Court in the prior case.

The appeal is accordingly dismissed.