In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-341 CV


____________________



PYRAMID CONSTRUCTORS, INC., Appellant



V.



ACTION BONDED CLEANING, INC., Appellee






On Appeal from the County Court of Jefferson County at Law No. 1 


Jefferson County, Texas


Trial Cause No. 86,427






O P I N I O N


 This appeal arises from a suit filed by Action Bonded Cleaning, Inc. (ABC) against
Pyramid Constructors, Inc. (Pyramid) and Safeco Insurance Company of America
(Safeco). Pyramid appeals the trial court's judgment in favor of ABC.

 For clarity, we consider Pyramid's points out of order. In its second point, Pyramid
challenges the legal and factual sufficiency of the evidence to support the trial court's
finding that ABC had substantially performed on the contract. The trial court's
conclusions of law provide for alternate theories of recovery: (1) that Pyramid breached
its contract with ABC by failing to pay for compensable work performed by ABC, and (2)
that ABC was entitled to recover under the theory of quantum meruit. "[S]hould a
judgment rest upon more than one ground, the party aggrieved by the judgment must
assign error as to each such ground or risk having the judgment affirmed on the ground
to which no error was assigned. Midway National Bank of Grand Prairie, Texas v. West
Texas Wholesale Supply Co., 453 S.W.2d 460 (Tex.1970); McKelvy v. Barber, 381
S.W.2d 59 (Tex.1964)." Ellebracht v. Ellebracht, 735 S.W.2d 658, 663 (Tex. App.--Austin 1987, no writ). A judgment that is not supportable on a breach of contract claim
may still be upheld under the theory of quantum meruit. See Southeast Texas Homecare
Specialists, Inc. v. Triangle Billing, Inc., 43 S.W.3d 106, 109-10 (Tex. App.--Beaumont
2001, no pet.). Because Pyramid makes no attack on the trial court's finding that ABC
was entitled to recover under the theory of quantum meruit, it is unnecessary to address
the merits of point of error two. (1)

 Likewise, we do not reach the merits of point of error one wherein Pyramid claims
the trial court reversibly erred in excluding Defendant's Exhibit Number One (1). ABC
counters the same evidence was admitted as Defendant's Exhibit Number Two (2); thus
Pyramid cannot show the error probably caused rendition of an improper judgment. See
Tex. R. App. P. 44.1(a)(1). 

 "A successful challenge to evidentiary rulings usually requires the complaining
party to show that the judgment turns on the particular evidence excluded or admitted." 
See City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex. 1995). The two
exhibits are nearly identical with the obvious difference being Exhibit One is handwritten
and Exhibit Two is typed. In its reply brief, Pyramid does not dispute the similarity of the
two exhibits but points to the fact that Gene Ferguson prepared Exhibit One, while Stephen
Friedman prepared Exhibit Two. Pyramid attaches great importance to this difference and
asserts "the prior approval of [ABC's] performance by Mr. Ferguson was a condition
precedent to its acceptance by [Pyramid]. . . . Therefore, the punch list's relevance to this
cause, and the primary purpose for which it was offered at trial, was not to prove the
existence of the specific defects in [ABC's] performance listed therein, but rather as
evidence of the fact that [ABC] had failed to obtain the approval of Mr. Ferguson, a
condition precedent to [ABC's] recovery." Pyramid's argument presupposes the only
ground for recovery is ABC's contract claim. As noted above, the trial court also found
in favor of ABC on the alternative theory of quantum meruit. Pyramid makes no argument
as to how the judgment, based on that theory, turned on the exclusion of Exhibit One. 
Accordingly, we hold the trial court's error, if any, is not reversible. Point of error one
is overruled.

 In its third point of error, Pyramid asserts "the trial court committed reversible
error when it found Safeco liable on the payment bond because the plaintiff failed to
demonstrate that it had filed a notice of claim as required by § 2253 of the Texas
Government Code, a condition precedent to recovery." ABC was not required to prove
notice because Pyramid and Safeco's First Amended Original Answer failed to specifically
deny notice when ABC's fifth amended petition alleged "[a]ll conditions precedent to
recovery have occurred and have been satisfied or waived." See Tex. R. Civ. P. 54. See
also Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 283 n.6 (Tex.
1998) ("Where a party avers generally that all conditions precedent have been performed
or have occurred, he or she need only prove those that are specifically denied by the
opposite party.") Point of error three is therefore overruled. (2)

 Pyramid's final point complains of the sufficiency of the evidence to support the
award of attorney's fees. Pyramid contends "the demand was excessive" and cites its
expert's testimony as evidence. Mr. Wright testified to fees totaling $7,686.91. The trial
court awarded only $3,000 in attorney fees, less than half of the amount requested.
Pyramid wholly fails to mention the reduction; thus it makes no contention that the amount
actually awarded is not supported by the evidence. We therefore refuse to consider the
merits of Pyramid's argument. See Tex. R. App. P. 38.1(h).

 In its reply brief, Pyramid further argues ABC cannot recover attorney's fees
because it refused an unconditional tender for the just amount owed. The tender was for
$3,170. The trial court awarded ABC $6,050. Pyramid wholly ignores the difference and
fails to explain how a tender for only slightly more than half of the amount the trial court
ultimately found Pyramid liable for constituted the just amount owed. See Staff Indus.,
Inc. v. Hallmark Contracting, Inc., 846 S.W.2d 542, 548-49 (Tex. App.--Corpus Christi
1993, no writ). Point of error four is overruled.

 For all of the above reasons, the judgment of the trial court is AFFIRMED.

 PER CURIAM


Submitted on February 20, 2002

Opinion Delivered March 14, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. For this same reason, Pyramid's argument in its reply brief regarding the "meeting
of the minds" is without merit.
2. We refer appellant to Tex. R. App. P. 47.7: "Opinions not designated for
publication by the court of appeals have no precedential value and must not be cited as
authority by counsel . . .." (Emphasis added).