### GRANT *v.* PHŒNIX INSURANCE COMPANY.

A decree is not final within the meaning of the act conferring appellate jurisdiction, unless upon its affirmance nothing remains but to execute it. The court therefore dismisses an appeal by the defendant in a foreclosure suit from the decree therein rendered, which neither finds the amount due nor orders the sale of the mortgaged property, although it overrules his defence, declares the complainant to be holder of the mortgage, and, in order to ascertain the amount due him and other lien creditors, and for taxes, refers the case to a master, and appoints a receiver to take charge of the property.

MOTION to dismiss an appeal from the Supreme Court of the District of Columbia.

This is an appeal from the following decree in a suit for the foreclosure of certain deeds of trust in the nature of mortgages to secure the payment of money : —

"The cause came on to be heard upon the pleadings and proofs therein, and having been submitted by the counsel of the respective parties and duly considered by the court, and it appearing to the court that said defendant, Albert Grant, is not entitled to any relief under his cross-bill in this cause ; that the plaintiff is the holder and owner of the several obligations of said Grant, secured by the deeds of trust on the real estate prayed in the original bill of complaint herein to be sold for the payment of the indebtedness thereon, and mentioned

and set forth in the 3d, 4th, 5th, 6th, 7th, and 8th paragraphs of said bill; that said Grant has made default in the payment of his said obligations, on which he is indebted to the plaintiff in large sums of money, with long arrearages of interest; that said Grant has not paid taxes on said real estate for a number of years, and the same are in arrears for upwards of twenty thousand dollars; that said indebtedness of said defendant Grant to the plaintiff largely exceeds the value of said real estate, and that the plaintiff has no personal security for its said debt; it is this second day of March, A. D. 1882, ordered, adjudged, and decreed that this cause be, and the same hereby is, referred to the auditor of the court to state the account between the plaintiff and the defendant Albert Grant; the amount due under said several deeds of trust on said real estate prayed to be sold in said bill; the amounts due said judgment and mechanic's lien creditors referred to in said bill; whether the same are liens upon any of said real estate; the relative priorities of the claims of said creditors and the plaintiff, and the value of the said real estate,— all from the proofs in this cause, except as to said mechanic's lien, and report the same to this court. And said auditor shall further ascertain and report to this court the amount due for taxes in arrears on said real estate, and whether the same or any part thereof has been sold for taxes, and if so, when, for what taxes, for what amount, and to whom."

To this was added an order appointing a receiver to take possession of the property, make leases, &c.

A motion is now made to dismiss, because the decree appealed from is not final.

*Mr. Richard T. Merrick* and *Mr. William F. Mattingly* in support of the motion.

*Mr. William A. Meloy*, *contra*.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The rule is well settled that a decree to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeal, must terminate the litigation of the parties on the merits of the case, so that if there should

be an affirmance here, the court below would have nothing to do but to execute the decree it had already rendered. This subject was considered at the present term in *Bostwick* v. *Brinkerhoff*, *ante*, p. 3, where a large number of cases are cited. It has also been many times decided that a decree of sale in a foreclosure suit, which settles all the rights of the parties and leaves nothing to be done but to make the sale and pay out the proceeds, is a final decree for the purposes of an appeal. *Ray* v. *Law*, 3 Cranch, 179; *Whiting* v. *Bank of the United States*, 13 Pet. 6; *Bronson* v. *Railroad Company*, 2 Black, 524; *Green* v. *Fisk*, 103 U. S. 518. But in *Railroad Company* v. *Swasey*, 23 Wall. 405, it was held that " to justify such a sale, without consent, the amount due upon the debt must be determined. . . . Until this is done the rights of the parties are not all settled. Final process for the collection of money cannot issue until the amount to be paid or collected by the process, if not paid, has been adjudged." In this the court but followed the principle acted on in *Barnard* v. *Gibson*, 7 How. 650; *Crawford* v. *Points*, 13 id. 11; *Humiston* v. *Stainthorp*, 2 Wall. 106; and many other cases.

The present decree is not final according to this rule. It does not order a sale of the property. It overrules the defence of the appellant as set forth in his cross-bill, and declares that the appellee is the holder and owner of the debt secured by the deeds of trust, but refers the case to an auditor to ascertain the amount due upon the debt, the amount due certain judgment and lien creditors, the existence and priorities of liens, and the claims for taxes. It is true that the court finds the amount due the appellee largely exceeds the value of the property, but this is only as a foundation for the order appointing the receiver. If in point of fact it is not true, the finding will not conclude the parties in the final closing up of the suit. The order for the delivery of the property is only in aid of the foreclosure proceedings, and to subject the income, pending the suit, to the payment of any sum that may in the end be found to be due. If anything remains, either of the income or of the proceeds of the sale after the mortgage or trust debts are satisfied, it will go to the appellant, notwithstanding what has been decreed. There is no order as in *Forgay* v. *Conrad*, 6 How.

201, *Thomson* v. *Dean,* 7 Wall. 342, and other cases of a like character, adjudging the property to belong absolutely to the appellee, and ordering immediate delivery of possession. In *Forgay* v. *Conrad, supra,* which is a leading case on this question, it was expressly said by Mr. Chief Justice Taney (p. 204) that the rule did not extend to cases where property was directed to be delivered to a receiver. The reason is that the possession of the receiver is that of the court, and he holds, pending the suit, for the benefit of whomsoever it shall in the end be found to concern. Neither the title nor the rights of the parties are changed by his possession. He acts as the representative of the court in keeping the property so that it may be subjected to any decree that shall finally be rendered against it.

*Appeal dismissed.*

MR. JUSTICE MILLER dissented.