[No. 578.   October 30, 1894.]

# WILLIAM H. BUCHER, TRUSTEE, APPELLEE, v. MOSES L. THOMPSON ET AL., APPELLANTS.

APPEAL—INTERLOCUTORY ORDER, NOT APPEALABLE.—An order in a foreclosure suit, under a deed of trust, decreeing that the deed shall have priority over certain mechanics' liens, where proof remains to be taken, and a decree rendered for the sale of the property, and the satisfaction of the debt of appellee, is a merely interlocutory order from which an appeal will not lie.

APPEAL, from an order in favor of complainant, decreeing, on demurrer, that a deed of trust should have priority over certain mechanics' liens, from the Third Judicial District Court, Sierra County.   Motion to dismiss appeal, sustained.

The facts are stated in the opinion of the court.

H. L. PICKETT for appellants.

As to what is a continuous contract, such as to give a miner the benefit of a lien until he ceases to work upon the property, see Kryme v. Occidental Mill & Mining Co., 8 Nev. 219.

A miner's lien begins with the commencement of his work, and ceases with the completion of it.   9 Morrison, 406.

His lien stands upon the same footing as a mechanics' lien.   2 Jones on Liens, pp. 176, 1212; 94 U. S. 545; 18 Wall. 659–661; 2 Montana, 115.

F. W. PARKER for appellee.

SMITH, C. J.—Appellee, Wm. H. Bucher, trustee, moves to dismiss the appeal upon the ground that the decree appealed from in this case is not a final decree

and does not authorize an appeal. Said decree is in words as follows:

"Wm. H. Bucher, trustee, v. Moses Thompson et al., No. 615.

"This cause coming on to be heard upon the bill of complaint herein and respondents answer, etc., and the demurrer filed by complainant to the said answer, and the court having heard solicitors for the respective parties, and being advised in the premises, doth overrule the said demurrer as to all grounds taken therein, except as to the second and fifth—the second ground having been heretofore passed upon by the supreme court of this territory, as to the said fifth ground it is adjudged and decreed by the court that the said demurrer be, and it hereby is sustained.

"It further appearing to the court from the bill of complaint herein that the deed of trust mentioned therein was filed for record with the probate clerk and ex officio recorder of said county on the twenty-second day of July, 1890, and the court being of opinion that the contracts of labor set up in said respondents answer are contracts to labor from day to day, terminable at the end of any day by either party thereto, it is hence ordered, adjudged, and decreed that the said deed of trust do take priority over the said lien claims, and each and all of them, for all work done by said claimants under the contracts set up in said lien claims, from and after the said twenty-second day of July, 1890.

"Done at Chambers this twenty-fifth day of July, 1893, at Las Cruces, New Mexico.

"ALBERT B. FALL, Judge, etc."

This was a foreclosure suit by the appellee as trustee to secure payment to one John W. Zollars of a promissory note in the sum of $16,500 to which defendants, who are appellants here, file answer setting up that mechanics' liens, which they claim to be prior

in dignity to the lien of the deed of trust being foreclosed. The decree quoted was upon the demurrer to said answer. From an inspection of the decree it readily appears that the decree is merely interlocutory and by no means disposes of the cause before the court.

<div style="margin-left:2em; font-variant: small-caps;">INTERLOCUTORY order, not appealable.</div>

There remains proof to be taken as to the amount due, a decree for the sale of the property, and the satisfying of the debt of appellee.

In the words of Chief Justice WAIT, "It has been many times decided that a decree of sale in a foreclosure suit, which settles all the rights of the parties and leaves nothing to be done but to make the sale and payment of the proceeds, is a final decree for the purpose of an appeal." Grant v. Phoenix Ins. Co., 106 U. S. 429.

Tested by this rule it clearly appears that there is no final decree and the motion to dismiss is sustained, and it is accordingly so ordered.

COLLIER and FREEMAN, JJ., concur.