NORRIS SAFE & LOCK CO. et al. v. MANGANESE STEEL SAFE CO.*

(Circuit Court of Appeals, Ninth Circuit. February 4, 1907.)

APPEAL AND ERROR—APPEALABLE ORDER—REQUIRING PAYMENT OF MONEY INTO COURT.

> An order requiring a party to pay into the registry of the court money in its possession which is the subject of litigation is interlocutory, and not final; and is not appealable.
>
> [Ed. Note.—Finality of judgment and decrees for purpose of review, see notes to Brush Electric Co. v. Electric Improvement Co. of San José, 2 C. C. A. 379; Central Trust Co. v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.]

Appeal from the Circuit Court of the United States for the Western District of the Northern Division of Washington.

The appellee brought a suit against the appellant to cancel a contract under which the latter as agent had been engaged in selling safes manufactured by and consigned to it by the appellee, and to obtain an accounting. In the bill it was alleged that the appellant had collected large sums on sales of safes, and had refused to remit the same to the appellee; that on March 28, 1906, the appellant acknowledged in writing to the appellee that it had received and collected, and still retained and had converted to its own use out of the proceeds of sales of safes, the sum of $33,027.50; and that it had failed to pay the same. After the appellant had answered, the appellee moved the court that the appellant be required to pay into the registry of the court $33,027.50. The motion was based upon the bill and answer and the affidavits on file. In the affidavits it was shown, and this was not denied, that on March 28, 1906, the appellant wrote as follows to the appellee: "Gentlemen: We have placed to the credit of your account on our books the amount of thirty-three thousand twenty-seven and $50/100$ covering the following safes which we have sold." Then followed a list of the safes. The motion of the appellee was allowed, and it was ordered that the appellant pay into the registry of the court the sum of $33,027.50. This order was made under rule 31 of the Circuit Court, which provides as follows: "Whenever it is admitted by the pleading of any party to an action at law or suit in equity or is admitted by such party upon his examination that he has in his possession or under his control any money or other thing capable of delivery, which being the subject of litigation is held by him as trustee for another party to the cause, or which belongs or is due to another party to the cause. the court may, in its discretion upon motion made after due notice. order the same to be deposited in court pending the litigation. or to be delivered to the party to whom it belongs or is due (subject to the further order of the court), upon such conditions as may be just, including the release of the party who has it in possession from all further liability with respect to it." From the order so made, the present appeal is taken.

Wm. Martin and Piles, Howe & Farrell, for appellants.
Hughes, McMicken, Dovell & Ramsey, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case, delivered the opinion of the court.

The appellee moves to dismiss the appeal on the ground that the order directing the payment of money into the registry of the court is an interlocutory order not appealable. In Forgay et al. v. Conrad, 6 How. 201, 12 L. Ed. 404, it was held that a decree that money shall be paid into court or that property shall be delivered to a receiver, or that property held in trust shall be delivered to a new trustee

* Rehearing denied March 4, 1907.

150 F.—37

appointed by the court, is interlocutory only, and intended to preserve the subject-matter in dispute from waste and dilapidation, and to keep it within the control of the court until the rights of the parties concerned can be fully adjudicated, and that no appeal lies from such a decree. The doctrine of that case was reaffirmed in Grant, v. Phœnix Ins. Co., 106 U. S. 429, 1 Sup. Ct. 414, 27 L. Ed. 237, in which Chief Justice Waite said:

"The rule is well settled that a decree to be final within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeal must terminate the litigation of the parties on the merits of the case, so that, if there should be an affirmance here, the court below would have nothing to do but to execute the decree it had already rendered."

In Louisiana Bank v. Whitney, 121 U. S. 284, 7 Sup. Ct. 897, 30 L. Ed. 961, the court said:

"We have no hesitation in granting the motion. The court has not adjudicated the rights of the parties concerned. It has only ordered the fund into the registry of the court for preservation during the pendency of the litigation as to its ownership. Such an order it has always been held is interlocutory only, and not a final, decree. Forgay v. Conrad, 6 How. 204, 12 L. Ed. 404; Grant v. Phœnix Ins. Co., 106 U. S. 431, 1 Sup. Ct. 414, 27 L. Ed. 237. If in the end it shall be found that the fund belongs to the board of liquidation, it can be paid from the registry accordingly, notwithstanding the order that has been made. The money when paid into the registry will be in the hands of the court for the benefit of whomsoever it shall in the end be found to belong to."

Whether a decree is interlocutory or final is often, as intimated by the court in McGourkey v. Toledo & Ohio Ry., 146 U. S. 544, 13 Sup. Ct. 170, 36 L. Ed. 1079, difficult to determine. But in the present case there is, under the authorities, no room for doubt.

The appeal is dismissed.*