Mrs. Dora H. GRANVILLE et al., Appellants,

v.

Philip S. LEA, Appellee.

No. 10753.

Court of Civil Appeals of Texas.

Austin.

May 18, 1960.

Rehearing Denied June 8, 1960.

Victor Gleckler, Austin, for appellants.

J. P. Hart, La Grange, for appellee.

GRAY, Justice.

Appellants, Mrs. Dora Granville and Mrs. Victor Miller, filed this suit in the district court of Fayette County against Philip S. Lea to recover rent and to foreclose their landlords' lien. Philip S. Lea signed a waiver of citation and service on July 11, 1959 and the same was filed on July 15, 1959 and on the same day a judgment as prayed for by appellants was rendered.

On the 15th day of August, 1959, Robin J. Rauch filed his motion to set said judgment aside and as grounds therefor he al-

leged that on May 6, 1959 appellants intervened in a cause then pending in the county court of Fayette County being Cause No. 2424, Robin J. Rauch v. Ronald Lea and Philip S. Lea in which cause said interveners prayed for a judgment against Philip S. Lea for rents and the enforcement of their statutory lien securing the same. Further alleging that a trial of said cause was had on June 29, 1959 but that at the time of filing said motion a judgment had not been rendered. The prayer was that the judgment rendered on July 15, 1959 be set aside and held for naught and for such other and further relief to which petitioner is entitled.

The motion was set for hearing on August 21, 1959 with direction that notice be given to appellants. Appellants answered and on August 21, 1959 Robin J. Rauch was granted leave to amend and the motion was reset for hearing on September 1, 1959. Amended pleadings were filed and on September 1, 1959 evidence was heard. The evidence showed that the parties before the court on the motion were parties to cause No. 2424 supra and that the same claim for rent and the same claim of a landlords' lien made by appellants in this cause was asserted by them in cause No. 2424; that on June 29, 1959 a trial of cause No. 2424 was had and that on August 18, 1959 judgment was rendered.[1] The trial court rendered the following judgment:

"On this the 1st day of September, 1959, came on to be heard the motion filed by Robin J. Rauch to arrest, vacate, set aside and annul the judgment entered against Philip S. Lea, defendant herein, under date of July 15, 1959, in favor of plaintiffs. And came petitioner, Robin J. Rauch, in person and by his attorney and plaintiffs by and through their attorney of record, Victor Gleckler. Whereupon all matters of fact and law were submitted to the Court, and the Court being fully advised in the premises, is of the opinion

that said judgment should be vacated, set aside and held for naught and that the case should stand for trial on its merits."

The appellants only have filed a brief. That brief, the transcript and a statement of facts make up the record before us.

We must first decide whether the above judgment is final for the purpose of this appeal. The motion filed by Robin J. Rauch was in the nature of a plea in abatement based on another suit pending. 1 Tex.Jur.2d, Abatement and Revival, Secs. 21, 31 and 71. At the hearing had on September 1, 1959 the trial court set the prior judgment aside and retained the cause on the docket of the court "for trial on its merits." Thus the rights of the parties were not settled and the litigation was not terminated but was left for future determination.

In Ware v. Jones, Tex.Com.App., 250 S.W. 663, 664, 665, the court said:

"A 'final judgment' is one which awards the judicial consequences which the law attaches to the facts and determines the controversies between the parties over the subject-matter. It terminates the litigation of the parties on the merits of the case so that nothing remains to be done but to execute it according to its terms. Hanks v. Thompson, 5 Tex. 6, 8; West v. Bagby, 12 Tex. 34, 62 Am.Dec. 512; Grant v. Phoenix Mut. Life Insurance Co., 106 U.S. 429, 430, 431, 1 Sup.Ct. 414, 27 L.Ed. 237; 3 C. J. 441.

"However, if the rights controverted by the parties be settled by the judgment, it will be held final, although further proceedings should be required to carry the judgment into full effect. Such proceedings may be expressly provided for in the face of the judgment without affecting its finality, pro-

1. Cause No. 2424 is our Cause No. 10,751, Granvlile et al. v. Rauch, Tex.Civ.App., 335 S.W.2d 799.

vided they are merely incidental to its proper execution."

The above is quoted with approval in Hargrove v. Insurance Inv. Corporation, 142 Tex. 111, 176 S.W.2d 744, 747.

Appellants have elected to call the motion before the trial court a motion for new trial and say that because more than thirty days elapsed from the time the judgment was rendered until the motion was heard the judgment had become final. They cite Rule 329–b, Texas Rules of Civil Procedure. We do not agree but interpret the motion as one challenging the jurisdiction of the court to try the cause and as such it could be filed at any time. Roberts v. Roberts, Tex.Civ.App., 165 S.W.2d 122. Er. ref. w.m.

It is our opinion that the complained-of judgment was not final and appealable and the attempted appeal is dismissed.

Appeal dismissed.