**Paul J. HALLORAN, individually and as parent and next friend of Patrick J. Halloran and April Halloran**

v.

**STATE of Rhode Island, DEPARTMENT OF CHILDREN, YOUTH, AND FAMILIES et al.**

No. 97–607–Appeal.

Supreme Court of Rhode Island.

May 27, 1999.

Paula Lynch Hardiman, Providence, for Plaintiff.

James R. Lee, Providence, for Defendants.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This appeal concerns the defense of qualified immunity. Specifically, how and when can a government litigant seek appellate review of a pretrial order rejecting this defense as grounds for dismissal of the action? For the reasons described below, we hold that a litigant seeking such review cannot obtain it by an appeal from the denial of a motion to dismiss a complaint, but only through a petition for a writ of certiorari from the denial of a summary-judgment motion.

The defendants, Michael Bosquet, Lawrence Bartley, Janice O'Connor, and Anita Butler, individually and in their respective capacities as agents of the State of Rhode Island, Department of Children, Youth, and Families (DCYF), as well as Ellen Balasco and James Pickett, individually and in their respective capacities as agents of the State of Rhode Island, Court Appointed Special Advocate Program (collectively, the defendants), appeal from a Superior Court order denying their motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. After a conference before a single justice of this Court, we assigned this case to the full Court for consideration at a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the memoranda submitted by the parties, we proceed to decide this appeal without further briefing or argument.

In April 1991, following a report to DCYF that plaintiff, Paul J. Halloran, had molested his minor daughter, Middletown police arrested plaintiff and charged him with first-degree child molestation. Because of the minor child's inability to testify, however, the Attorney General subsequently dismissed the charges against plaintiff. Thereafter, plaintiff, individually and on behalf of his two minor children, filed a complaint in the United States

District Court for the District of Rhode Island.[1] The court also dismissed that complaint. In April 1997, plaintiff filed a substantially similar complaint in Superior Court, but this one dropped the federal charges and alleged state common-law claims for false arrest, false imprisonment, malicious prosecution, and negligence against the various defendants. In June 1997, defendants filed a motion to dismiss the Superior Court complaint pursuant to Rule 12(b)(6). The defendants argued that because the factual allegations set forth in the Superior Court complaint were identical to those alleged in the earlier complaint that plaintiff filed in federal court, the doctrines of res judicata and collateral estoppel barred their assertion in Superior Court. The defendants also contended that the doctrine of qualified immunity precluded the Superior Court action. After a hearing, the motion justice denied defendants' motion to dismiss. Thereafter, defendants filed this appeal.

■■■ We conclude that the appeal—taken from an order denying a motion to dismiss a complaint—is not properly before us. Such an order is interlocutory and thus, is not an appealable, final judgment. Subject to two well-recognized exceptions, one statutory and one decisional in nature, *see Town of Lincoln v. Cournoyer*, 118 R.I. 644, 648, 375 A.2d 410, 412–13 (1977), we will entertain a direct appeal only from a final judgment, *see Martino v. Ronci*, 667 A.2d 287, 288 (R.I.1995). An order denying a motion to dismiss does not constitute a final determination of a defendant's rights. *See Maloney v. Daley*, 115 R.I. 375, 346 A.2d 120 (1975). We recently noted that a denial of a motion for summary judgment, much like a denial of a motion to dismiss, is interlocutory, and therefore, it too is generally not an appealable order. *See Ensey v. Culhane*, 706

A.2d 1334 (R.I.1998) (order). Moreover, this is not a case that meets either of the two well-recognized exceptions to this final-judgment rule. First, this is not an appeal from the grant or continuance of an injunction, the appointment of a receiver, the sale of real or personal property, or the order or denial of a new trial after a trial by jury. *See* G.L.1956 § 9–24–7. Nor is this an appeal from an order which, although it may be interlocutory in a strict sense, still possesses such an element of finality that it warrants appellate review before the case is finally terminated to prevent clearly imminent and irreparable harm. *See Cournoyer*, 118 R.I. at 648–49, 375 A.2d at 412–13.

Relying mostly upon federal decisions allowing appeals in qualified-immunity cases from the denial of summary-judgment motions, the defendants maintain that the denial of a motion to dismiss based upon the defense of qualified immunity likewise should be appealable prior to trial. We have not so held in the past, and we decline to do so at this time. As we stated in *Ensey*, "appellate review of rulings of this nature is properly obtainable by petition for writ of certiorari." 706 A.2d at 1335. Moreover, because of the fact-dependent nature of a qualified-immunity defense, such a review generally should not be sought until after the summary-judgment stage of the trial court's proceedings has concluded.

In sum, because the order appealed from is interlocutory, we hold that this appeal is not properly before us at this time. Therefore, we deny and dismiss the defendants' appeal without reaching the merits of their arguments on appeal.

---

1. The fifteen-count complaint filed in the Federal District Court consisted of claims of constitutional violations pursuant to 42 U.S.C. § 1983, as well as state-based claims—to wit, false arrest, false imprisonment, malicious prosecution, and negligence—on behalf of plaintiff father and both of his children.