Patrick A. FAYLE

v.

Scott C. TRAUDT.

No. 2001–292–Appeal.

Supreme Court of Rhode Island.

Jan. 13, 2003.

Patrick A. Fayle, for Plaintiff.

Scott C. Traudt, pro se, Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Scott C. Traudt, appeals *pro se* from a variety of interlocutory or non-final orders of the Superior Court, including denials of his motions for summary judgment, for sanctions, and for dismissal of the complaint. He also challenges the Superior Court's holding in abeyance his motions to obtain a jury trial, to amend his counterclaim to include a claim for punitive damages, and to vacate discovery rulings. Because the defendant has appealed from interlocutory orders, rather than from a final judgment, we lack jurisdiction to reach the merits of the al-

leged errors he seeks to challenge. Consequently, we deny the appeal and remand the file for further proceedings.

### Facts and Travel

This case began as a claim for breach of contract filed by plaintiff, attorney Patrick A. Fayle, who is seeking compensation for his legal representation of defendant. On November 4, 1998, plaintiff filed a complaint against defendant, asserting that the parties had contracted for plaintiff to represent defendant in a lawsuit stemming from injuries defendant suffered while working on board a vessel at sea. As consideration for plaintiff's legal representation of defendant, plaintiff alleged, defendant agreed to pay plaintiff one-third of any gross recovery he received for those injuries. The plaintiff averred that he performed legal services pursuant to the agreement. He further alleged that defendant settled his personal-injury claim for $16,800 without plaintiff's knowledge, and obtained this compensation from the vessel's owners, but then failed to pay plaintiff in accordance with the contract.

The defendant, acting *pro se*, filed an answer and counterclaim. He asserted both legal malpractice and breach-of-contract claims against plaintiff. He also included a motion to dismiss the complaint. Numerous motions followed, and the Superior Court eventually held a hearing on the parties' cross-motions for summary judgment. At that point, the motion justice determined that material questions of fact existed and that the case would have to go to trial. Therefore, he denied the motions for summary judgment.

Thereafter, this same motion justice heard argument on the following motions: defendant's motions for summary judgment, for a jury trial, to vacate previous discovery rulings, to amend the complaint to include a claim for punitive damages, for

sanctions, and for dismissal of the complaint, as well as plaintiff's motion for leave to file an affidavit.

The court entered an order encompassing its rulings on April 9, 2001. In that order, the motion justice denied defendant's motions for summary judgment, for sanctions, and for dismissal of the complaint. He held in abeyance defendant's motions to obtain a jury trial, to vacate previous discovery rulings, and to amend his "complaint." (Presumably, defendant's motion to amend more properly should have referred to his answer and counterclaim rather than to the complaint.) The court granted plaintiff's motion for leave to file an affidavit. He also ordered plaintiff to produce copies of his malpractice-insurance policy for an in-camera inspection by the court, and he granted defendant additional time to secure an expert witness for his legal-malpractice claim.

On appeal, a single justice of this Court ordered the parties to show cause why we should not decide this appeal summarily. Because they have not done so, we proceed to decide this appeal at this time. The defendant now argues that the motion justice committed reversible error in denying his motion for summary judgment on plaintiff's breach of contract claim. He suggests that plaintiff's failure to file suit on his behalf and his failure to secure maintenance payments of more than $15 per day for defendant were "akin to missing a filing deadline while the statute of limitations tolls." He asserts that plaintiff failed to meet his burden of opposing defendant's motion for summary judgment in this case. He seems to suggest both that the case warrants "complete judicial review" and that plaintiff's complaint "should have been wiped out by the lower court."

Next, he argues that the court should have allowed his motion to dismiss for failure to state a claim upon which relief can be granted. He points out that plaintiff questioned whether defendant actually was injured at sea. Yet, if plaintiff believed that, defendant argues, he should not be permitted to recover a contingency fee for such injuries.

The defendant also asserts that this Court should hear his disciplinary complaint against plaintiff. He states that he filed a complaint against plaintiff with this Court's disciplinary counsel, but that disciplinary counsel refused to take action.

The defendant next argues that he should have been permitted to obtain copies of plaintiff's legal-malpractice-insurance documents; that this Court should grant his request for a jury trial; that his proposed amendment to his pleadings to include a claim for punitive damages should be granted; that plaintiff should be collaterally estopped in this case; and that plaintiff's case should be dismissed because the case rests entirely on defendant's testimony. The defendant also asserted that the court violated his Fourteenth Amendment rights when it denied his motion for summary judgment. He seems to suggest that summary judgments rarely are granted for *pro se* litigants in Rhode Island; therefore, he maintains, this phenomenon constitutes *prima facie* evidence of discrimination under the Fourteenth Amendment.

Although defendant recognizes that the denial of a motion for summary judgment generally is not appealable, he posits that there should be an exception in this case because he did not receive equal protection under the law.

The plaintiff responds that defendant's appeal "should be dismissed out of hand and immediately remanded to the Superior Court where it rightfully belongs." He contends that this case is not ripe for appellate review. He also suggests that if

any practicing attorney had acted in a manner similar to how defendant behaved in the Superior Court, he or she would have been sanctioned.

### Analysis

■■■ Because defendant's appeal is interlocutory, it is not properly before us. Denials of motions for summary judgment and motions for dismissal claims are interlocutory orders; thus, they generally are not subject to appeal. *See Imperial Casualty and Indemnity Co. v. Bellini*, 746 A.2d 130, 132 (R.I.2000) (citing *Boucher v. McGovern*, 639 A.2d 1369, 1373 (R.I.1994)); *Halloran v. State Department of Children, Youth, and Families*, 729 A.2d 709, 711 (R.I.1999) (per curiam) (citing *Ensey v. Culhane*, 706 A.2d 1334 (R.I.1998) (mem.)). The appropriate method to seek review of an interlocutory or otherwise nonappealable order is by filing and serving a petition for certiorari under Article I, Rule 13 of the Supreme Court Rules of Appellate Procedure.[1] *O'Gara v. Ferrante*, 690 A.2d 1354, 1356 (R.I.1997) (citing *Jennings v. Nationwide Insurance Co.*, 669 A.2d 534, 535 (R.I.1996)).

■■■ Furthermore, none of the other rulings that the defendant sought to challenge were appealable orders.[2] Nor is this appeal subject to either of the two well-recognized exceptions to the rule that appeals lie only from final judgments.[3] The first exception is statutory, and provides that appeals may be taken from the grant or continuance of an injunction, the appointment of a receiver, the sale of real or personal property, or the order or denial of a new trial after a trial by jury. *See* G.L.1956 § 9–24–7.[4] The second excep-

---

1. Article I, Rule 13(a) of the Supreme Court Rules of Appellate Procedure provides in pertinent part:

   "Other than for habeas corpus and except where otherwise provided for by statute a proceeding seeking the issuance of an extraordinary writ shall be by petition."

   Even on petitions for certiorari, however, this Court generally declines to review interlocutory orders and decisions, including denials of motions to dismiss and for summary judgment. *See Imperial Casualty and Indemnity Co. v. Bellini*, 746 A.2d 130, 132 (R.I.2000) (citing *Boucher v. McGovern*, 639 A.2d 1369, 1373 (R.I.1994)).

2. For example, the trial justice held in abeyance defendant's motions to obtain a jury trial, to vacate previous discovery rulings (until the trial justice reviewed in-camera plaintiff's malpractice-insurance policy), and to amend the complaint. Because the Superior Court has not yet decided these motions, the court's decision to hold them in abeyance was itself an unappealable interlocutory order. Similarly, the decision by this Court's Chief Disciplinary Counsel not to recommend the filing of any disciplinary charges against plaintiff also was not an appealable order. Although the motion justice denied defendant's oral motion to dismiss, that denial (as well as the denial of defendant's summary-judgment motion) was interlocutory and not a final determination of the rights of either party. *See Halloran v. State Department of Children, Youth, and Families*, 729 A.2d 709, 711 (R.I.1999) (per curiam).

3. "The rule is well settled that [for] a decree to be final, * * * the litigation of the parties on the merits of the case [must terminate], so that if there should be an affirmance here, the court below would have nothing to do but to execute the decree it had already rendered." *McAuslan v. McAuslan*, 34 R.I. 462, 469, 83 A. 837, 840 (1912) (quoting *Grant v. Phoenix Mut. Life Insurance Co.*, 106 U.S. 429, 430–31, 1 S.Ct. 414, 415, 27 L.Ed. 237, 238, (1882)).

4. General Laws 1956 § 9–24–7 provides:

   "Whenever, upon a hearing in the superior court, an injunction shall be granted or continued, or a receiver appointed, or a sale of real or personal property ordered, by an interlocutory order or judgment, or a new trial is ordered or denied after a trial by jury, an appeal may be taken from such order or judgment to the supreme court in like manner as from a final judgment, and the appeal shall take precedence in the supreme court."

tion, developed through case law, provides that an appeal may be taken "from an order which, although * * * interlocutory in a strict sense, still possesses such an element of finality that it warrants appellate review before the case is finally terminated to prevent clearly imminent and irreparable harm." *Halloran*, 729 A.2d at 711 (citing *Town of Lincoln v. Cournoyer*, 118 R.I. 644, 648–49, 375 A.2d 410, 412–13 (1977)); *McAuslan v. McAuslan*, 34 R.I. 462, 469, 83 A. 837, 840 (1912). This appeal fails to qualify under either of these exceptions to the general rule.

## Conclusion

For these reasons, we deny and dismiss the defendant's appeal and remand the papers in this case for further proceedings.

Justice LEDERBERG participated in all proceedings but deceased prior to the filing of this opinion.