**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-35256 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-00810-JLR |
| v. | |
| DAVID L. ELMORE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted May 4, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

David Elmore appeals from the District Court's judgment adjudicating the

amount of his tax liability and foreclosing the government's lien on his home. The

Government argues that the District Court's judgment is not final and not

appealable, but otherwise admits that the judgment should be vacated because its

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

motion for summary judgment was not supported by appropriate evidence. We determine that we have jurisdiction, vacate the district court's judgment, and remand for further proceedings.

In April 2005, the Government filed its "Complaint to Reduce Federal Tax and Penalty Assessments to Judgment and Foreclose Federal Tax Liens." Although two individuals other than Elmore were alleged to have an interest in the underlying real property, they were subsequently dismissed. The district court entered an order in June 2006 deciding all issues in favor of the Government. Before the District Court entered a final judgment, Elmore filed an appeal. We eventually dismissed the appeal as premature.

On March 14, 2008, the District Court entered its judgment, which was prepared by the Government, finding in favor of the United States against Elmore in the amount of $614,452.96, plus additional interest and penalties accruing from February 8, 2008. The final paragraph of the judgment reads:

> It is further ORDERED AND ADJUDGED that the federal tax liens recorded against defendant David L. Elmore's property in Kent, Washington, are hereby foreclosed. Pursuant to the Court's Order dated June 2, 2006, the United States shall submit a proposed order for judicial sale of that property within 30 days of entry of judgment.

On March 24, 2008, Elmore filed a timely notice of appeal from the judgment.

The Government asserts that the March 14, 2008 order is not final and

appealable because the District Court has yet to have the property sold and to distribute the proceeds. It is true that the underlying property has yet to be sold, but this does not render the order unappealable. In 1882, the Supreme Court noted that "[i]t has also been many times decided that a decree of sale in a foreclosure suit, which settles all the rights of the parties and leaves nothing to be done but to make the sale and pay out the proceeds, is a final decree for the purposes of an appeal." *Grant v. Phoenix Mut. Life Ins. Co.*, 106 U.S. 429, 431 (1882). In *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 199 (1988), the Supreme Court reiterated that:

> A "final decision" generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. A question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order.

(Internal quotation marks and citations omitted). We have followed this approach. *See United States ex rel. Shutt v. Community Home & Health Care Servs. Inc.*, 550 F.3d 764, 766-67 (9th Cir. 2008)(holding that "a judgment on the merits of an FCA claim is a separate, final, and appealable decision even where the district court has retained jurisdiction over the collateral issue of allocating the FCA award between the United States and the relator"). Our sister circuits appear to be in accord. *See*

3

*United States v. Sayer*, 450 F.3d 82 (1st Cir. 2006); *United States v. Stute Co.*, 402 F.3d 820 (8th Cir. 2005). *See also* 19 Moore's Federal Practice § 202.02 (3d ed.).

Here, following the entry of the March 14, 2008 judgment, which was prepared by the Government, there was "nothing to be done but to make the sale and pay out the proceeds." The Government has not identified any issue between it and Elmore, unresolved by the District Court's judgment, that could be effected by the sale of the property. We determine that the March 14, 2008 order is appealable.

We need not consider the merits of Elmore's challenges to the district court's judgment because we determine that the Government's confession of error requires that we vacate the judgment and remand for further proceedings. The Government represents that because the taxes were based not only on unreported income, but also on income from rental property and from the sale of property, which were not supported by third party information, the assessment was not entitled to the "presumption of correctness that attaches to the assessment in . . . a civil collection suit." *See United States v. Janis*, 428 U.S. 433, 440-42 (1976). *See also Weimerskirch v. Commissioner*, 596 F.2d 358, 361 (9th Cir. 1979); *Palmer v. IRS*, 116 F.3d 1309, 1313 (9th Cir. 1997). Because the district court's grant of

4

summary judgment was based in part on this presumption of correctness, we accept the Government's confession of error and vacate the District Court's judgment.

We reject Elmore's contention that the Government's confession of error supports the entry of summary judgment in his favor. As noted, the District Court's judgment in favor of the Government was based, in part, on the mistaken conclusion that the assessment was entitled to the presumption of correctness. The correction of this mistake should not bar the Government from attempting to show, on the proper evidentiary basis, that Elmore is liable for unreported taxes.

The District Court's judgment is **VACATED** and the matter is **REMANDED** for further proceedings.