April 15, 2026

**Supreme Court**

No. 2025-54-Appeal.
(KC 24-154)

Leonard J. LaPadula III          :

          v.                     :

Citizens Financial Group, Inc.   :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:   opinionanalyst@courts.ri.gov,   of   any typographical  or  other  formal  errors  in  order  that corrections may be made before the opinion is published.

Leonard J. LaPadula III          :

v.                               :

Citizens Financial Group, Inc.   :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**   Leonard J. LaPadula III (Mr. LaPadula or plaintiff) appeals from the denial of his motion to appear before the Superior Court by WebEx for purposes of a hearing on Citizens Financial Group, Inc.'s (Citizens or defendant) motion to dismiss his complaint.[1]  On appeal, Mr. LaPadula challenges the authority of the Superior Court to order him to appear in person and asserts that the Superior Court's rules and civil motion protocols violate his constitutional rights and are generally inequitable.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be

---

[1] The defendant represents that its proper corporate name is "Citizens Bank, N.A."

summarily decided. This Court granted plaintiff's request for the matter to be decided on the parties' written submissions. After considering the parties' written submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing. We conclude that Mr. LaPadula's appeal is procedurally improper because he has not appealed from an appealable judgment, order, or decree of the Superior Court. Accordingly, we deny and dismiss his appeal.

### Facts and Procedural History

We draw the following facts from Mr. LaPadula's amended complaint. Mr. LaPadula has been living overseas since 2011 while running his business. He has been an account holder at Citizens for almost 30 years. Mr. LaPadula alleged in his February 2024 amended complaint that his Citizens debit card was shut off a total of three times, with the last shut off occurring after he withdrew about two hundred dollars four separate times from an automated teller machine in Mauritius; he asserted that the withdrawals allowed him to pay his rent. He alleged that Citizens' difficult-to-manage customer service process and the fact that Citizens deactivated his debit card following his withdrawals caused him "a great deal of mental anguish" and damages. He further alleged that defendant was obligated to restore his access to his debit card and to protect against fraud without putting customers like him at risk. Based on these allegations, Mr. LaPadula sought damages and injunctive relief.

Citizens filed a motion to dismiss Mr. LaPadula's complaint. In response to defendant's motion to dismiss, Mr. LaPadula filed a motion to attend by WebEx seeking leave to allow him to appear remotely at the hearing on defendant's motion to dismiss. On June 14, 2024, an entry appeared on the Superior Court docket noting that Mr. LaPadula's motion to appear remotely was not scheduled because the papers did not request a hearing date. The next entry on the docket is Mr. LaPadula's notice of appeal which identified that he was appealing from the June 14, 2024 docket entry. The trial justice later granted defendant's motion to dismiss.

On appeal, Mr. LaPadula poses eleven "questions of law" that he requests we answer. Citizens, for its part, argues that Mr. LaPadula failed to challenge the substance of the trial court's post-appeal dismissal of Mr. LaPadula's complaint, that his request to appear by WebEx was untimely,[2] and that the Superior Court's civil motion protocols require all self-represented litigants to appear in person. Mr. LaPadula has disclaimed any intention to challenge the substance of defendant's motion to dismiss on appeal, or the trial justice's subsequent order granting that motion, and we therefore need not address those arguments advanced by Citizens in its motion.

---

[2] We acknowledge Mr. LaPadula's "Notice Regarding Timeliness of Superior Court Motion to Attend Hearing by WebEx" filed in response to Citizens' Article I, Rule 12A counterstatement. There, Mr. LaPadula correctly argues that his motion to attend by WebEx was, in fact, timely. The timeliness of that motion does not affect our decision on the outcome of his appeal, however.

**Discussion**

We deny and dismiss Mr. LaPadula's appeal as procedurally improper. While we acknowledge Mr. LaPadula's written submissions to this Court that argue that the Superior Court lacked authority to require him to appear in person, he did not take an appeal from a "judgment, order, or decree" of the Superior Court. Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure. Rather, his notice of appeal noted that the "Date of Judgment or Order Appealed From" was "June 14, 2024," and our review of the docket reveals that the only event recorded on that date was an entry reading "Motion Not Scheduled[,] No Hearing Date on Motion." That docket entry, however, does not satisfy our final judgment rule. *See McAuslan v. McAuslan*, 34 R.I. 462, 469, 83 A. 837, 840 (1912) (defining final judgment). Nor is it subject to any recognized exception to that rule. *See* G.L. 1956 § 9-24-7 (granting right to appeal from grant of injunction, appointment of receiver, sale of real or personal property, or the order or denial of a new trial after a trial by a jury); *Halloran v. State Department of Children, Youth, and Families*, 729 A.2d 709, 711 (R.I. 1999) (describing exception to final judgment rule where order, though interlocutory, "still possesses such an element of finality that it warrants appellate review"). Accordingly, we deny and dismiss plaintiff's appeal of the docket entry denying his motion to attend by WebEx because the docket entry is not an appealable

final judgment, nor is it subject to any of our recognized exceptions to the final judgment rule.

Notwithstanding our dismissal of Mr. LaPadula's appeal, however, we observe that a trial justice has discretion, under the Superior Court Rules of Civil Procedure, to grant a party's request to appear remotely. *See* Super. R. Civ. P. 7(b)(4). Indeed, Mr. LaPadula was permitted to do so once in this matter, at which time he was informed that no further remote appearances would be permitted. Despite the particular facts of the instant case, we nevertheless trust that the justices of the Superior Court grant such motions when appropriate and where properly presented by any party.

## Conclusion

For the reasons stated herein, we deny and dismiss Mr. LaPadula's appeal. The papers may be remanded to the Superior Court.

Justice Goldberg participated in the decision but retired prior to its publication.

- 5 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Leonard J. LaPadula III v. Citizens Financial Group, Inc. |
| **Case Number** | No. 2025-54-Appeal.<br>(KC 24-154) |
| **Date Opinion Filed** | April 15, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Leonard J. LaPadula III, *pro se* |
| | For Defendant:<br><br>Geoffrey W. Millsom, Esq.<br>Colten H. Erickson, Esq. |